## ANDREW FILLER *against* JOHN HARMON.

Demand of security for a debt from a freeholder need not be in writing, and when the plaintiff has sworn to such demand, a counter affidavit of the defendant will not be received.

MOTION to abate a writ of *capias ad respondendum* issued against a freeholder.

Mr. Thomas showed by the oath of the plaintiff, that he had demanded of the defendant to give either real or personal security for the debts, and that he had refused so to do, previous to issuing the process.

Mr. Leib offered the oath of the defendant, denying such demand.

*Sed pro quer.* We cannot receive such counter-affidavit, under the act of assembly, passed 20th March 1724-5. Dall St. Laws, 225. It is analogous to a question of bail, (2 Stra. 1757. 1 Wils. 333. 2 Burr. 2017. 1 Term Rep. 717) in the king's bench, where when the affidavit of a debt is positive, no contradictory proof is permitted to be given. Neither is it absolutely necessary, though it may be prudent to make such demand in writing under the act.

Motion denied.

---

## WILLIAM DAVY *against* SAMUEL JACKSON and SAMUEL STARRET.

In debts on a recognizance in writ of error, special bail to be put in.

DEBT on a recognizance given by defendants, as sureties for Robert Morris, to prosecute a writ of error, in the high court of errors and appeals ; on which bail was demanded.

Mr. Hallowel moved for a rule to show cause, why the defendants should not be discharged on common bail.

But the court refused the motion. The defendants under the (3 Dall. St. Laws, 98,) act of assembly have become absolutely bound for payment of the debt, on the affirmance of the judgment. This cannot be compared to an action of debt brought on (2 Barnes, 93. 1 Bl. Rep. 507. Sayer 43,) a judgment where special bail has been originally entered. Even in account render, a defendant has been held to bail, where he has declared, that he means to leave the state.